IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMIEN BACA,

    Petitioner,                      No. CIV S-06-0185 MCE DAD P

    vs.

E.A. REYES,                            ORDER AND

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Examination of petitioner's in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        When petitioner filed this action, he was incarcerated at Mule Creek State Prison pursuant to a criminal conviction. He is challenging a disciplinary conviction for possession of a deadly weapon and states that he was sentenced to 360 days on May 9, 2004. Petitioner has submitted his petition for writ of habeas corpus on a state court form captioned for filing in the Amador County Superior Court. Petitioner names as respondent E.A. Baca, appeals coordinator for Mule Creek State Prison. (See Pet. at first and fourth pages.)

Petitioner is informed that a habeas petition submitted to a federal district court must substantially follow either (1) the form appended to the federal rules governing habeas proceedings or (2) a form prescribed by the district court's local rules.  See Rule 2(d), Fed. R. Governing § 2254 Cases in the United States District Courts.  The state court form used by petitioner does not substantially follow the form appended to the federal rules or the form used in this district.

Petitioner is further informed that "[a] petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Fed. R. Governing § 2254 Cases).  "This person typically is the warden of the facility in which the petitioner is incarcerated." Id. (citing Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992)).  The petitioner in this case has not named the proper respondent.

Petitioner's defective petition should be dismissed for failure to use a proper form and failure to name the proper respondent.  While petitioner could cure both of these defects by filing an amended petition, the undersigned finds that amendment would be futile.  It plainly appears from the petition that petitioner is not entitled to relief in the district court because he has not exhausted available state court remedies.  On the thirteenth page of the petition, petitioner states that he has not appealed from his disciplinary conviction by filing any pleading in a state court.  Petitioner indicates that he pursued an administrative appeal to the third level and that the appeal has been pending in Sacramento for over a year.

A prisoner challenging an administrative decision, such as a denial of parole or a disciplinary conviction, "is first eligible to file a federal habeas petition only after state habeas proceedings are complete." Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).  Before a state prisoner can file a federal habeas petition challenging an administrative decision, he must give the state courts "'one full opportunity to resolve any constitutional [claims] by invoking one complete round of the state's established appellate review process.'" Id. (quoting O'Sullivan v.

Boerckel, 526 U.S. 838, 845 (1999).  Exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  In order to satisfy the federal exhaustion requirement, a state prisoner must fairly present all of his federal claims to the state's highest court before he presents them to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).

The petitioner in this case is not entitled to relief in the district court at the present time because he has not exhausted available state court remedies with regard to the disciplinary conviction at issue.  Accordingly, the undersigned will recommend that this action be dismissed without prejudice.  See Rule 4, Fed. R. Governing § 2254 Cases.

Petitioner is cautioned that a one-year statute of limitations applies to the filing of a non-capital habeas corpus petition in federal court.  See 28 U.S.C. § 2244(d)(1).  When a state prisoner challenges an administrative decision, the one-year period of limitation begins to run on the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003).  In general, the one-year period will begin to run on the date the administrative decision becomes final.  391 F.3d at 1065-66; 343 F.3d at 1084.  A prisoner's federal habeas petition challenging a disciplinary conviction must be filed within one year after the prisoner receives timely notice of the denial of his administrative appeal.  391 F.3d at 1066.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's January 27, 2006 application to proceed in forma pauperis is granted;

2. The Clerk of the Court shall serve a copy of this order and findings and recommendations, together with a copy of the habeas petition filed January 27, 2006, upon the Attorney General of the State of California; and

/////

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
baca0185.103

4